UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-20406-CR-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

OSVALDO DANIEL FERNANDEZ,

    Defendant.
_____/

**SENTENCING MEMORANDUM**

The defendant, Osvaldo Daniel Fernandez, by and through undersigned counsel, respectfully submits this memorandum in connection with his sentencing on January 6, 2026. ECF No. 104. On September 11, 2025, Mr. Fernandez was found guilty of all three charges in the Superseding Indictment, ECF No. 90, after a three-day trial. ECF No. 92. The U.S. Sentencing Guidelines recommend a term of life imprisonment based on a total offense level of 43 and criminal history category I. Presentence Investigation Report, ECF No. 102 (PSR), at ¶ 101. The maximum sentence the Court may impose in this case is 960 months, as Counts One and Two have a statutory maximum of 30 years and Count Three has a statutory maximum of 20 years. *Id.* For the reasons set forth below, the defense requests that Mr. Fernandez be sentenced to a term of 30 years based on his age (62 years old), anticipated deportation, and pending state case for which he also faces life imprisonment.

I. **The 18 U.S.C. § 3553(a) factors warrant a sentence of 30 years.**

The Court must consider the factors in 18 U.S.C. § 3553(a) to arrive at a fair and reasonable sentence. Section 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy specific sentencing goals, including just punishment, deterrence of future criminal conduct, correctional treatment, and the prevention of unwarranted sentencing disparities. *See* § 3553(a)(2). In determining the appropriate sentence, the Court must weigh several factors, including Mr. Fernandez's personal history and characteristics, the unique nature and circumstances of the offense, and any mitigating factors that may exist.

The record before this Court overwhelmingly supports sentencing Mr. Fernandez to a term of 30 years. That is the maximum sentence for a violation of 18 U.S.C. § 2251(a), so there is no doubt that it is sufficient to address the nature and circumstances of this case and the punitive purposes of sentencing.[1] *See* § 3553(a)(1). Data from the U.S. Sentencing Commission further shows that

> [d]uring the last five fiscal years (FY 2020–2024), there were 859 defendants whose primary guideline was § 2G2.1, with a Final Offense Level of 43 and a Criminal History Category of I, after excluding defendants who received a § 5K1.1 substantial assistance departure. For the 859 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 345 month(s) and the median length of imprisonment imposed was 360 month(s).

Judiciary Sentencing Information (JSIN), U.S. Sent'g Comm. (Dec. 27, 2025), https://jsin.ussc.gov/analytics/saw.dll?Dashboard. This demonstrates that district

---

[1] Mr. Fernandez reasserts and incorporates by reference his objections to the offense conduct section of the Presentence Investigation Report, ECF No. 103.

2

courts most often imposed sentences of 30 years in cases, like this one, where the guidelines recommended life imprisonment under U.S.S.G. § 2G2.1.

Because Mr. Fernandez is about to turn 62 there is little difference between a sentence of 30 years and life. With a 30-year sentence, assuming he receives no additional prison time for his pending state case and all federal good time credits, the earliest Mr. Fernandez would be released is at age 87. The average life expectancy for males in the United States is 75.8 years.[2] Incarceration significantly reduces life expectancy, as studies show that "[e]very year a person spends in prison corresponds to a two-year decrease in life expectancy."[3] Thus, Mr. Fernandez's age alone provides ample support for a sentence of 30 years.

A 30-year sentence also balances the punitive purposes of sentencing with the need to provide necessary medical treatment "in the most effective manner." § 3553(a)(2)(D). Mr. Fernandez is suffering from several chronic medical conditions that are likely to worsen with age and lack of access to appropriate medical treatment within the Bureau of Prisons. *See* PSR ¶ 77–80 (detailing Mr. Fernandez's history of cardiovascular disease, hypertension, heart attacks and strokes, and recent diagnosis of an enlarged prostate). An investigation by the Department of Justice Inspector General determined that

---

[2] *See Life Expectancy*, CDC (June 5, 2025), https://www.cdc.gov/nchs/fastats/life-expectancy.htm.

[3] *Incarceration and Health in the US*, Brown University (Nov. 9, 2023) https://sites.brown.edu/publichealthjournal/2023/11/09/incarceration-and-health-in-the-us/

> BOP institutions lack appropriate staffing levels and training to address the needs of an aging inmate population. Aging inmates often require assistance with activities of daily living, such as dressing and moving around within the institution. However, BOP institution staff is not responsible for ensuring inmates can accomplish these activities. We further found that the increasing population of aging inmates has resulted in a need for increased trips outside of institutions to address their medical needs but that institutions lack Correctional Officers to staff these trips and have limited medical staff within institutions. As a result, aging inmates experience delays receiving medical care.[4]

The BOP's inability to adequately house aging inmates ensures that Mr. Fernandez's time in custody will be more punitive than that of the average inmate. This, coupled with the fact that Mr. Fernandez is already an aging inmate with serious medical needs, supports a sentence of 30 years.

Mr. Fernandez's advanced age and anticipated deportation also lessen the need for the sentence imposed to "protect the public from further crimes." § 3553(a)(2)(C). According to the Sentencing Commission, "numerous studies document that older offenders are at a lower risk for reoffending" and that "the older the age group, the lower the rearrest rate."[5] As a 62-year-old first-offender, Mr. Fernandez therefore presents a minimal risk of recidivism should he be released in his 80s or 90s.[6] In any case, Mr. Fernandez will never again be at liberty in the

---

[4] U.S. Dep't of Justice, *Oversight of the Bureau of Prisons: First-Hand Accounts of Challenges Facing the Federal Prison System* (Feb. 2016), https://oig.justice.gov/node/777#:~:text=Institution%20staff%20told%20us%20they,programs%20specifically%20for%20aging%20inmates.

[5] *See* U.S. Sent'g Comm., *The Effects of Aging on Recidivism Among Federal Offenders* (Dec. 2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders.

[6] *Id.*

United States as he has no lawful status in this country and is subject to removal to Argentina. PSR ¶ 74.

Finally, after his sentencing, Mr. Fernandez will be returned to state custody on related charges that could subject him to life imprisonment. *See* PSR ¶ 56. Mr. Fernandez was originally arrested on those charges on June 9, 2022, *id.*, and remained in state custody until his arrest for the instant offense on October 24, 2024. The 28 months Mr. Fernandez spent in state custody will not be credited towards his federal sentence, even if he is sentenced concurrent to the anticipated state term of imprisonment pursuant to the guidelines. *See* U.S.S.G. § 5G.13(c) (stating that where "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."). As the pending state charges are more serious than the instant offense and punishable by life, it is reasonable to assume that Mr. Fernandez will receive a sentence of more than 30 years. In light of this anticipated term of imprisonment, the Court should impose a sentence of 30 years to "achieve a reasonable punishment for the instant offense." *See* U.S.S.G. § 5G1.3(d).

## II. <u>Conclusion.</u>

Offenses involving "[c]hild pornography [are] so odious, so obviously at odds with common decency, that there is a real risk that offenders will be subjected to indiscriminate punishment based solely on the repugnance of the crime and in disregard of other Congressionally mandated sentencing considerations." *United*

*States v. Goff*, 501 F.3d 250, 260 (3d Cir. 2007). Sentencing Mr. Fernandez to 30 years—the statutory maximum for production of child pornography—appropriately balances the punitive purposes of sentencing with Mr. Fernandez's age, medical condition, and anticipated deportation. As set forth herein, it may very well result in a life sentence alone or in combination with the sentence Mr. Fernandez receives for his pending state case. For all these reasons, the defense respectfully requests that Mr. Fernandez be sentenced to a statutory maximum sentence of 30 years.

        Respectfully submitted,

        HECTOR A. DOPICO
        FEDERAL PUBLIC DEFENDER

By: */s/ Leticia M. Olivera*
   Leticia M. Olivera
   Assistant Federal Public Defender
   Special A. No.: A5503215
   150 W. Flagler Street, Suite 1700
   Miami, Florida  33130
   Tel:  305-530-7000
   E-Mail Address: Leticia_olivera@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **December 31, 2025**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Leticia M. Olivera*
Leticia M. Olivera